IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV - 2 2006

GREG~~~~~ ~. ~~NGHAM
CLERK

Civil Action No. 06-cv-01643-BNB

LYNN E. SCOTT,

        Plaintiff,

v.

JOHN REILY, Warehouse Manager of Corrections Industries of
        Limon Correctional, Colorado,
MARY CARTER, Level III Officer, Hearing Officer at Limon Correctional Facility,
MR. OCONNER [sic], Case Manager, Level III Officer at Limon Correctional Facility, and
ROBERTA WALTERS, Case Manager Level III Officer at Limon Correctional Facility,
        individually and in their official capacities,

        Defendants.

---

### ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

---

        Plaintiff Lynn E. Scott is a prisoner in the custody of the Colorado Department of

Corrections (DOC) who currently is incarcerated at the Limon, Colorado, correctional

facility.  He filed *pro se* a complaint for money damages and declaratory and injunctive

relief pursuant to 42 U.S.C. § 1983 (2003) and 28 U.S.C. § 1343 (1993), as well as

various other statutes.  On October 30, 2006, he filed a combination motion to amend

the complaint together with amendments to the complaint.  The amendments add three

defendants, whose names are included in the caption to this order, and elaborate upon

Mr. Scott's allegations in the complaint.  The motion to amend will be granted.  Mr. Scott

has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915

(Supp. 2006) without payment of an initial partial filing fee.

The Court must construe the complaint, as amended, liberally because Mr. Scott is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Scott will be ordered to file an amended complaint and to show cause why the complaint, as amended, should not be dismissed for failure to exhaust the DOC's three-step, administrative-grievance procedure.

The Court has reviewed the complaint, as amended, and has determined that the complaint is deficient. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas* , 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the

2

emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Scott's complaint, as amended, is confusing. It does not include a short and plain statement of the grounds upon which the Court's jurisdiction depends. *See* Fed. R. Civ. P. 8(a)(1). It does not include a short and plain statement of his claims showing that he is entitled to relief in this action. *See* Fed. R. Civ. P. 8(a)(2). Nor does Mr. Scott clarify which claims are asserted pursuant to which statute. The Court has done its best to summarize briefly the asserted allegations and claims.

Mr. Scott alleges that approximately on November 2, 2005, while he was working as a prison sewing machine operator, he accidentally lost a pair of scissors in a toilet. He further alleges that the scissors later were found in the sewer lines. As a result of the incident, he was charged with, and on December 1, 2005, convicted of, the disciplinary offenses of destruction of property and causing a facility disturbance, and apparently was discharged from his job. He asserts that on May 31, 2006, a second disciplinary hearing was held, after which he was found not guilty of both charges.

Mr. Scott contends that on June 29, 2006, the Lincoln County District Court ordered the DOC to expunge his record of the charges, to reimburse him $21.39 in costs and whatever portion of the filing fee he paid, and to restore to him all privileges and his job. The district court denied Mr. Scott's request for reimbursement of legal research fees. Mr. Scott alleges that approximately on July 7, 2006, he was rehired in his prison job. He complains that on October 2, 2006, the defendant John Reily again and for no reason fired him from his job. He alleges that after he was fired he was placed in segregation for sixteen days without a hearing.

Mr. Scott appears to have initiated this action because he believes that his due process rights have been violated for two reasons: (1) he has not yet received back pay or his bonus, nor has he been restored fully to the pay level he received before he was fired the first time from his job; and (2) he is entitled to some sort of process before he can be fired from a prison job. He allegations concerning his efforts to exhaust his claims are unclear and confusing, in part because he fails to allege or demonstrate what claims he attempted to exhaust.

Mr. Scott's complaint, as amended, also fails to make clear the reason or reasons he is suing each named defendant. Rather than summarizing each claim succinctly, Mr. Scott apparently expects the Court to sift through his allegations to determine who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Scott's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for him. Mr. Scott must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated, and the specific acts of each defendant that allegedly violated his rights.

Mr. Scott must assert each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant 's participation, control or direction, or failure to supervise. *See Butler v. City*

*of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the complaint, as amended, does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Scott should be given an opportunity to file an amended complaint. He will be directed to do so below.  The amended complaint that Mr. Scott will be directed to file must stand on its own as a pleading that asserts, clearly and concisely, each claim Mr. Scott intends to assert in this action, and may not incorporate by reference either the original complaint or the amendment to the complaint.

In addition, it is not clear whether Mr. Scott has exhausted each of his claims through the DOC's grievance system.  Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2006), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes.  *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Scott is a prisoner confined in a correctional facility.  The claims he asserts relate to prison conditions.  Therefore, he must exhaust the available administrative remedies.  Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner."  ***Steele v. Fed. Bureau of Prisons***, 355 F.3d 1204, 1210 (10th Cir. 2003).  To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Scott must "either attach copies of administrative proceedings or describe their disposition with specificity."  *Id.* at 1211.  Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners.  ***See Ross v. County of Bernalillo***, 365 F.3d 1181, 1189 (10th Cir. 2004).  Therefore, if Mr. Scott has failed to exhaust administrative remedies for any one of his claims or the issues raised within those claims, the entire complaint must be dismissed.

The DOC grievance procedure available to Mr. Scott and to all inmates, ***see*** DOC Administrative Regulation 850-4, Grievance Procedure, applies "to a broad range of complaints including, but not limited to:  policies and conditions within the institution that affects [sic] the offender personally, actions by employees and offenders, and incidents occurring within the institution that affects [sic] the offender personally."  DOC Administrative Regulation 850-4, Grievance Procedure at IV.B.1.h.

To exhaust administrative remedies under the prison grievance procedure, an inmate must complete the three-step, formal, grievance procedure.  ***See*** DOC Administrative Regulation 850-4, Grievance Procedure at IV.D.  The response at the third and final step of the formal grievance process certifies that the grievance procedure has been exhausted.  ***See*** DOC Administrative Regulation 850-4, Grievance Procedure at IV.D.4.c. and g.  The copy of a January 4, 2006, memorandum Mr. Scott attached to

6

his complaint fails to demonstrate that he has exhausted each of his claims. His allegations on page seven of the complaint concerning his efforts to exhaust also fail to describe with specificity the disposition of his efforts to exhaust. Therefore, Mr. Scott will be ordered to show cause why the complaint, as amended, should not be dismissed for failure to exhaust the DOC's three-step, administrative-grievance procedure as to each of his claims.

Finally, Mr. Scott is advised that he must provide sufficient copies of the amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Scott should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that the motion to amend is granted. It is

FURTHER ORDERED that the clerk of the Court correct the docketing records for this action to include the defendants Mary Carter, Mr. OConner [sic], and Roberta Walters, whose names are included in the caption to this order, as parties to this action. It is

FURTHER ORDERED that Mr. Scott file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives in this order and that shows cause why the complaint, as amended, should not be dismissed for failure to exhaust the Colorado Department of Corrections' three-step, administrative-grievance procedure as to each asserted claim. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the clerk of the Court, United States District

Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901

Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Scott, together with a

copy of this order, two copies of the following form to be used in submitting the amended

complaint:  Prisoner Complaint.  It is

FURTHER ORDERED that Mr. Scott submit sufficient copies of the amended

complaint to serve each named defendant.  It is

FURTHER ORDERED that, if Mr. Scott fails to comply with this order to the

Court's satisfaction within the time allowed, the complaint, as amended, and the action

will be dismissed without further notice.

DATED November 2, 2006, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No.  06-cv-01646-BNB

Lynn E. Scott
Prisoner No. 60760
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on ___11/2/06___

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk